**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 02, 2026.**

**AUBREY L. THOMAS**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-50088-ALT |
| | § | |
| LUCY COOPER'S, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |

| | | |
|---|---|---|
| SAVVY HOLDINGS TEXAS, LLC | § | |
| Plaintiff and Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| BRAUNDA SMITH, JESSE SMITH, | § | |
| and LUCY COOPER'S, LLC, | § | ADV. NO. 26-05010-ALT |
| Defendants, Counter-Plaintiffs, and | § | |
| Third-Party Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| RAMIRO MILTON TREVINO and | § | |
| THOMAS KHERKHER, | § | |
| Third-Party Defendants. | § | |

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL**

Before the Court are Lucy Cooper's, LLC's (the "Debtor") *Amended Answer and Counterclaims*,[1] Braunda Smith and Jesse Smith's ("the Smiths") *Answer and Counterclaims*,[2] Savvy Holdings Texas, LLC's (the "Plaintiff") *Motion to Compel Arbitration and to Dismiss or, Alternatively, Stay Counterclaims* (the "Motion to Compel"),[3] and the Debtor's *Response to the Motion to Compel* (the "Response").[4] For the reasons set forth herein, the Court grants in part and denies in part the Plaintiff's Motion to Compel. Additionally, the Court dismisses the Smiths' counterclaims and third-party claims for lack of subject matter jurisdiction.

**Background and Procedural History**

On July 24, 2025, the Plaintiff initiated a state court lawsuit (the "State Action") against Defendants Braunda Smith, Jesse Smith (the "Smiths"), and the Debtor (collectively, the "Defendants").[5] The State Action relates to a series of agreements between the Plaintiff and the Defendants.[6] In the Plaintiff's *Original Petition* filed in Harris County (the "Original Complaint"), the Plaintiff sought declaratory relief, requesting that the state court (1) declare the loan agreements enforceable under Texas law; (2) compel the Defendants to arbitration of any counterclaims they *threatened but had not yet filed* against the Plaintiff; and (3) award damages and attorneys fees to the Plaintiff for the Defendants' alleged "breaches and tortious conduct."[7] Notably, when the Plaintiff filed its Original Complaint against the Defendants in the State Action, there were no claims filed in any court by the Debtor or the Smiths to compel.[8]

On January 9, 2026, Lucy Cooper's LLC (the "Debtor") filed its voluntary petition seeking relief under chapter 11 of the Bankruptcy Code.[9] The Debtor removed the State Action to the Southern District of Texas on January 30, 2026,[10] which was subsequently transferred to this Court on February 23, 2026.[11] Although the Debtor removed the action to

---

1 Docket No. 29. Unless otherwise indicated, "Docket No." refers to Adv. No. 26-05010-ALT.
2 Docket No. 30.
3 Docket No. 35.
4 Docket No. 40.
5 Docket No. 1, Ex. A.
6 *Id.*
7 *Id.*
8 *See* Docket No. 1 at 3, ¶ 7 (emphasis added) ("Plaintiff asks the court to liquidate all claims currently pending in the Removed Action and any *forthcoming* counterclaims and/or third-party claims."); *see also id.* at 68 ("Counterclaims to be determined").
9 Case No. 26-50088-ALT, Docket No. 1.
10 Docket No. 1.
11 Docket No. 6.

this Court, the Debtor and its co-defendants never filed an answer or other responsive pleading. On March 16, 2026, the Court held a Status Hearing and notified the parties that it would impose a deadline for the Defendants to file responsive pleadings.[12] On May 1, 2026, the Court entered its *Sua Sponte Order* directing the Defendants to file a responsive pleading within 14 days from the date of the Order.[13]

On May 15, 2026, the Defendants jointly filed their *Answer and Counterclaims* (the "Original Answer") to the Original Complaint.[14] Based on how the Original Answer was drafted, the Court could not decipher which defendant/counterclaimant was asserting which claim. On May 19, 2026, the Court held another Status Hearing.[15] And on May 27, 2026, the Court entered its *Order Setting Deadlines*, instructing the Defendants to file separate answers with any counterclaims by June 9, 2026, to clarify which claims were being asserted by the Debtor and which claims were being asserted by the Smiths.[16]

The Debtor filed its *Amended Answer and Counterclaims*,[17] and the Smiths filed their *Answer and Counterclaims* on June 9, 2026.[18] The Smiths and the Debtor both asserted counterclaims against the Plaintiff and third-party claims against Third-Party Defendants Ramiro Milton Trevino and Thomas Kherkher. On June 11, 2026, the Plaintiff filed its *Statement Regarding Consent* and the renewed *Motion to Compel Arbitration and to Dismiss, or Alternatively, Stay Counterclaims* (the "Motion to Compel").[19] In its *Statement Regarding Consent*, the Plaintiff does not consent to this Court's entry of final order or final judgment in this adversary proceeding.[20]

---

[12] Status Hearing, Audio 1:16:12, Mar. 16, 2026.
[13] Docket No. 13.
[14] Docket No. 19.
[15] Docket No. 14.
[16] Docket No. 24.
[17] Docket No. 29.
[18] Docket No. 30.
[19] Docket Nos. 32, 35.
[20] Docket No. 32. Bankruptcy courts may adjudicate Article III claims when the "parties knowingly and voluntarily consent to adjudication." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015). The "key inquiry" is whether "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the non-Article III adjudicator." *Id.* at 685. A bankruptcy court's determination of whether a party has consented to its jurisdiction requires "a deeply factbound analysis of the procedural history" in the proceeding. *Id.* at 685.

Here, the Plaintiff originally filed its Original Motion to Compel in the State Action. After filing its bankruptcy petition, the Debtor removed the State Action to this Court. Notably, the Plaintiff did not move to remand. After the Debtor filed its *Answer and Counterclaims*, the Plaintiff filed its statement regarding consent, stating that it does not consent to the Court's entry of final orders and

On July 10, 2026, the Debtor filed its Response and its *Motion for Leave to File First Amended Answer and Counterclaims and to Add Parties* (the "Motion for Leave").[21] The Court set the Motion to Compel and the Debtor's Motion for Leave for hearing on July 20, 2026.[22] At the July 20, 2026, hearing, the Court denied the Debtor's Motion for Leave because it failed to comply with Local Rule 7015-1 and because the proposed amended counterclaims continued to conflate the Debtor with the Smiths, treating them as essentially one and the same. The Court took the Motion to Compel under advisement.[23] -Further, at that hearing, Debtor's counsel conceded that, if the Court did not grant the Debtor's Motion for Leave, the Motion to Compel should be granted.[24] The Court advised the Debtor that it was free to re-file a motion to amend its pleading so long as the motion complied with Local Rules. To date, the Debtor has failed to do so.

The Plaintiff's decision to pre-emptively file its Original Motion to Compel in the State Action before the Defendants asserted any counterclaims against the Plaintiff, together with the Defendants' repeated pleading deficiencies, contributed to the present procedural quagmire. Additionally, the Motion to Compel does not expressly adopt or incorporate the Original Complaint by reference.[25] The Court will therefore treat the Plaintiff's pending Motion to Compel as the live and controlling pleading in this case.

---

judgment in this case. The Plaintiff, however, has knowingly and voluntarily consented to the Court's adjudication of this Adversary Proceeding. The Plaintiff has gone "so far as to affirmatively invoke the bankruptcy court's jurisdiction" by filing its motion to compel in this case and seeks a final judgment from this Court by asking this Court to dismiss counterclaims brought against it. *Ward v. Cross Keys Bank (In re Karcredit, LLC)*, No. 21-30649, 2022 WL 4103265, at *4 (5th Cir. Sept. 7, 2022) (per curiam).

To the extent that the Plaintiff disagrees, it may move to withdraw the reference. Fed. R. Bankr. P. 5011; L. Rule 5011-1; *see Mihov v. United States*, 655 B.R. 584, 589–90 (S.D. Ind. 2023) (citation modified) (discussing a motion to withdraw the reference must be "timely" filed "either as soon as possible or at the first reasonable opportunity after the moving party had notice of the grounds for withdrawal").

[21] Docket Nos. 40, 41.

[22] Docket No. 38.

[23] Docket Nos. 47, 54.

[24] Hearing on the Motion to Compel, Audio 10:25:10, July 20, 2026.

[25] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (per curiam)) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

## Discussion

The Plaintiffs seek to compel both the Smiths and the Debtor to arbitration of their separate counterclaims asserted against the Plaintiff.[26] As a preliminary issue, the Court discusses its subject matter jurisdiction over non-debtor litigants in this adversary proceeding.

### I. Subject Matter Jurisdiction

This Court "has a 'continuing obligation to examine the basis for [its] subject matter jurisdiction,' which it may raise *sua sponte*."[27] Because neither the Plaintiff nor the Smiths are debtors in the underlying bankruptcy and none of the counterclaims or third-party claims asserted by the Smiths arise under or in title 11,[28] the Smiths' counterclaims and third-party claims must be at least "related to" the bankruptcy case for this Court to exercise jurisdiction over those claims.[29]

A matter is "related to" the bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[30] In determining whether this Court has at least related-to jurisdiction, the Court should "avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate."[31] But this

---

[26] At the July 20, 2026, hearing, the Plaintiff stated that it intends to pursue "claims" against the Debtor in arbitration. The Plaintiff did not assert any claims for monetary relief in the State Action. To be clear, this Court is not granting the Plaintiff relief from the automatic stay or compelling the Debtor to engage in arbitration of the Plaintiff's undisclosed claims. Further, if the Plaintiff wants to assert a claim against the Debtor, it had an opportunity to do so by filing a claim in the bankruptcy case no later than March 20, 2026. Docket No. 11. The Plaintiff failed to do so despite receiving adequate notice of the filing of this case.

[27] *Jettexas Oil, LLC v. Hoge (In re Blue Duck Energy, Ltd.)*, No. 24-02006, 2026 WL 1871165, at *1 (Bankr. N.D. Tex. June 29, 2026) (quoting *Faulkner v. Eagle View Cap. Mgmt. (In re The Heritage Org., L.L.C.)*, 454 B.R. 353, 364 (Bankr. N.D. Tex. 2011)); *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.").

[28] Matters "arising under" title 11 are "those proceedings that involve a cause of action created or determined by" the Bankruptcy Code. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). "Causes of action, which, by their nature, can only arise in bankruptcy cases, are considered 'arising in' cases under title 11." *In re Blue Duck Energy, Ltd.*, 2026 WL 1871165, at *4.

[29] 28 U.S.C. § 1334(b); *see Cadle Co. v. Lindsey (In re Walker)*, 51 F.3d 562, 573 (5th Cir. 1995) (citation modified) ("It is necessary only to determine whether a matter is at least related to the bankruptcy").

[30] *Feld. v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *In re Wood*, 825 F.2d at 93).

[31] *Id.* at 750 (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 787 (11th Cir. 1990)).

Court's related-to jurisdiction is not limitless.[32] The Court "has no jurisdiction over a matter that does not affect the debtor."[33] "Common facts to other core proceedings, convenience of the parties, cost-savings, and judicial economy are all insufficient considerations to confer 'related to' jurisdiction absent a conceivable effect on the bankruptcy estate."[34]

*A. The Court lacks jurisdiction over the Smiths' counterclaims against the Plaintiff.*

The Smiths assert the following counterclaims against the Plaintiff: (1) fraud and fraudulent inducement; (2) breach of fiduciary duty; (3) civil conspiracy; (4) breach of contract; (5) conversion; (6) unjust enrichment; (7) declaratory relief; and (8) accounting. The Court lacks subject matter jurisdiction over the Smiths' counterclaims against the Plaintiff. The Smiths are not debtors in the underlying bankruptcy, and they allege purely state-law claims against the Plaintiff. Even if the Smiths prevail on every counterclaim asserted against the Plaintiff, there would be no conceivable effect on the administration of the Debtor's bankruptcy estate.[35] The Plaintiff's liability to the Smiths would not "alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively)" or impact "the handling and administration of the bankruptcy estate."[36] Therefore, the Court lacks jurisdiction over the Smiths' counterclaims against the Plaintiff.

*B. The Court lacks jurisdiction over the Smiths' third-party claims against the Third-Party Defendants.*

Although the Smiths nominally assert third-party claims against both Third-Party Defendants, the Smiths only plead third-party claims specifically against Third-Party Defendant Kherker.[37] The Smiths assert a legal malpractice claim against Kherker for his alleged breach of fiduciary duty and conflict of interest related to his involvement in the transactions surrounding the loan agreements.

"Bankruptcy courts usually lack 'related to' jurisdiction in connection with third-party complaints."[38] Again, the Smiths' claims against the Third-Party Defendants involve

---

32 *Id.* (quoting *Celotex Corp. v. Edwards*, 541 U.S. 300, 308 (1995)).

33 *In re Zale Corp.*, 62 F.3d at 752.

34 *In re Black Duck Energy, Ltd.*, 2026 WL 1871165, at *5 (collecting cases).

35 *See Finley Grp. V. Working Media Grp. Atl., LLC (In re Redf Mktg., LLC)*, 536 B.R. 646, 663 (Bankr. W.D.N.C. 2015) (finding the same).

36 *Id.* (quoting *Celotex*, 541 U.S. at 309 n.6). Additionally, the Court may not exercise supplemental jurisdiction over the Defendants' claims. *In re Walker*, 51 F.3d at 573.

37 *See* Docket No. 30 at 9, ¶ 13. The Smiths issued summons upon both Third-Party Defendants. Docket No. 31.

38 *Blackstone Claim Servs., Inc. v. McKee (In re Blackstone Claim Servs., Inc.)*, No. 25-05084, 2026 WL 915043, at *3 (Bankr. W.D. Tex. Apr. 2, 2026) (citing *In re Walker*, 51 F.3d at 569).

litigation between two non-debtors. Even if the Smiths prevail on their legal malpractice claim against Kherker, there would be no conceivable effect on the administration of the Debtor's bankruptcy estate. Therefore, the Court lacks related-to jurisdiction over the Smiths' third-party claims against the Third-Party Defendants.

*C. The procedural posture of this adversary proceeding requires the Court to dismiss the Smiths' counterclaims and third-party claims.*

The Court must remand the case if it determines, at any time, that it lacks subject matter jurisdiction.[39] But "the procedural posture of this case requires the court to specify the nature of 'the case' to be remanded."[40] Although this *case* was removed from state court,[41] the Smiths' *claims* did not exist at the time of removal.[42] The Court, therefore, may not remand claims that were not removed.[43] Because the Smiths' claims were originally filed in federal court, "remand is not an option."[44] The Court must dismiss the Smiths' claims without prejudice to refiling in the proper venue.[45]

## II. The Motion to Compel

The Debtor asserts the following state law claims against the Plaintiff: (1) fraud and fraudulent inducement; (2) breach of fiduciary duties; (3) breach of contract; (4) conversion; unjust enrichment; (5) declaratory relief; (6) tortious interference with contract; and (7) accounting.[46] The Plaintiff and the Debtor executed the Loan, Restructuring, and Management Agreements (collectively, the "Agreements"), which all contain an arbitration provision purporting to cover all disputes "arising under or relating to" each agreement.[47] The Debtor agrees with the Plaintiff's request to enforce the arbitration provisions relating

---

39 28 U.S.C. § 1447(c).

40 *RMP Consulting Grp., Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 WL 617690, at *3 (10th Cir. Aug. 16, 1999) (citation modified).

41 *See* 28 U.S.C. § 1452(b) (governing removal of claims to bankruptcy courts).

42 *See* Docket No. 1 at 3, ¶ 7 (emphasis added) ("Plaintiff asks the court to liquidate all claims currently pending in the Removed Action and any *forthcoming* counterclaims and/or third-party claims."); *see also id.* at 68 ("Counterclaims to be determined").

43 *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) (explaining that a court "may not remand a case that was never removed from state court").

44 *White v. Comm. Standard Fire & Marine Co.*, 450 F.2d 785, 786 (5th Cir. 1971).

45 Fed. R. Civ. P. 12(h)(3); *see Scott v. Kirby & Allen, Inc.*, No. 04-3427, 2006 WL 1207968, at *1 (E.D. La. May 1, 2006) (citation modified) ("A district court may not remand a case that was never removed from state court. Thus, this case cannot be remanded. The only possibility is dismissal.").

46 Docket No. 29 at 9–12.

47 Docket No. 35, Exs. 1, 2, 3.

to the state law claims.[48] Additionally, the Debtor concedes that without an amended pleading containing any causes of action derived from the Bankruptcy Code,[49] the Court should grant the Motion to Compel.[50] The Plaintiff, however, has not sought relief from the automatic stay to pursue claims against the Debtor, nor has the Plaintiff filed a proof of claim in the Debtor's bankruptcy case. To the extent that the Plaintiff seeks to assert more than defenses against the Debtor's counterclaims, it is barred from doing so at this time.

This Court is required to "rigorously enforce agreements to arbitrate, even if the result is piecemeal litigation," unless there is a "countervailing policy manifested in another federal statute."[51] Because all the Debtor's counterclaims arise from the Debtor's prepetition legal or equitable rights, rather than from provisions of the Bankruptcy Code, the Court must enforce the arbitration agreements pursuant to the Federal Arbitration Act.[52] Therefore, the Court finds that the Plaintiff and the Debtor must arbitrate the Debtor's counterclaims in accordance with the Agreements, and this adversary must be stayed until the resolution thereof.[53]

**Conclusion**

For the reasons stated herein,

IT IS THEREFORE ORDERED that the Motion to Compel is granted in part and denied in part.

---

[48] Although the Debtor challenges the validity of the Agreements, the Debtor does not independently attack the validity or enforceability of the arbitration clauses themselves. Docket No. 29 at 9, ¶ 45. The Fifth Circuit has held that:

> [W]here parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator. Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general attacks on the agreement are for the arbitrator.

*Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003).

[49] The Debtor listed claims and attempted several times to amend its answer to assert claims against the Plaintiff that arise under the Bankruptcy Code. Docket Nos. 41, 53, 56, 57; *see also* Case No. 26-50088-ALT, Docket No. 48 at 21, ¶ 1. Those claims are not before the Court and remain potential claims the Debtor may choose to pursue in a separate proceeding.

[50] Docket No. 40.

[51] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

[52] 9 U.S.C. § 2; *see Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 495 (5th Cir. 2002) ("The FAA directs courts rigorously to enforce agreements to arbitrate, even if a party opposing arbitration is asserting a statutory claim.").

[53] 9 U.S.C. §§ 3, 4.

IT IS FURTHER ORDERED that Defendants Braunda Smith and Jesse Smith's counterclaims asserted against Plaintiff Savvy Holdings Texas, LLC and third-party claims against Third-Party Defendants Ramiro Milton Trevino and Thomas Kherkher are dismissed without prejudice to refiling in the proper venue.

IT IS FURTHER ORDERED that Savvy Holdings Texas, LLC and Lucy Cooper's, LLC shall attend and participate in arbitration of Lucy Cooper's, LLC's claims asserted against Savvy Holdings Texas, LLC to be held in accordance with the Agreements.

IT IS FURTHER ORDERED that this adversary proceeding is hereby abated pending further orders of this Court.

# # #